| From: | CMECF@ctd.uscourts.gov |
|---|---|
| To: | CTD CMECF |
| Subject: | Activity in Case 3:23-cv-01243-SVN Securities and Exchange Commission v. Caridi USCA Appeal Fees |
| Date: | Wednesday, November 12, 2025 3:32:28 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 11/12/2025 at 3:31 PM EST and filed on 11/12/2025
**Case Name:**      Securities and Exchange Commission v. Caridi
**Case Number:**    3:23-cv-01243-SVN
**Filer:**
**WARNING: CASE CLOSED on 01/02/2025**
**Document Number:** No document attached

**Docket Text:**
**USCA Appeal Fees received from Michael Caridi: $ 605 receipt number 27T19ADO re [73] Notice of Appeal filed by Michael Caridi. (Bozek, Michael)**

**3:23-cv-01243-SVN Notice has been electronically mailed to:**

Christopher M Colorado      coloradoch@sec.gov, NYROTrialUnit@sec.gov, kaufmanja@sec.gov, lossd@sec.gov, vasilescua@sec.gov

Antonia Marie Apps      appsa@sec.gov

Adam Grace      gracea@sec.gov

Michael Caridi      mcaridi1225@gmail.com

**3:23-cv-01243-SVN Notice has been delivered by other means to:**

APPEAL,CLOSED,EFILE,MOTREF,PROSE,RAR,REFCNF,SDV

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:23–cv–01243–SVN
### *Internal Use Only*

Securities and Exchange Commission v. Caridi
Assigned to: Judge Sarala V. Nagala
Referred to: Judge S. Dave Vatti
      Judge Robert A. Richardson (Settlement)
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 09/22/2023
Date Terminated: 01/02/2025
Jury Demand: Plaintiff
Nature of Suit: 850
Securities/Commodities
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Securities and Exchange Commission**  represented by  **Antonia Marie Apps**
Securities and Exchange Commission
100 Pearl Street
Suite 20–100
New York, NY 10004
212–336–0060
Email: appsa@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher M Colorado**
Securities and Exchange Commission
100 Pearl Street
Suite 20–100
New York, NY 10004
212–336–9143
Email: coloradoch@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Grace**
Securities and Exchange Commission
New York Regional Office
100 Pearl Street
Ste 20–100
New York, NY 10004–2616
212–336–0083
Email: gracea@sec.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Caridi**  represented by  **Michael Caridi**
32 Cutler Rd
Greenwich, CT 06831
917–295–1374
Email: mcaridi1225@gmail.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2023 | 1 | COMPLAINT against Michael Caridi, filed by Securities and Exchange Commission. (Attachments: # 1 Civil Cover Sheet)(Apps, Antonia) (Entered: 09/22/2023) |
| 09/22/2023 | | Request for Clerk to issue summons as to Michael Caridi. (Apps, Antonia) (Entered: 09/22/2023) |

| | | |
|---|---|---|
| 09/22/2023 | 2 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case.<br>Signed by Clerk on 9/22/2023.(Anastasio, F.) (Entered: 09/22/2023) |
| 09/22/2023 | | Judge Sarala V. Nagala and Judge S. Dave Vatti added. (Oliver, T.) (Entered: 09/22/2023) |
| 09/22/2023 | 3 | Order on Pretrial Deadlines: Amended Pleadings due by 11/21/2023. Discovery due by 3/23/2024. Dispositive Motions due by 4/27/2024.<br>Signed by Clerk on 9/22/2023. (Mendez, D) (Entered: 09/25/2023) |
| 09/22/2023 | 4 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Sarala V. Nagala on 9/22/2023. (Mendez, D) (Entered: 09/25/2023) |
| 09/22/2023 | 5 | STANDING PROTECTIVE ORDER.<br>Signed by Judge Sarala V. Nagala on 9/22/2023. (Mendez, D) (Entered: 09/25/2023) |
| 09/25/2023 | 6 | NOTICE TO COUNSEL/SELF–REPRESENTED PARTIES: Counsel or self–represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 1 Complaint filed by Securities and Exchange Commission, 5 Protective Order, 3 Order on Pretrial Deadlines, 2 Notice re: Disclosure Statement, 4 Electronic Filing Order.<br>Signed by Clerk on 9/25/2023. (Mendez, D) (Entered: 09/25/2023) |
| 09/25/2023 | 7 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Michael Caridi* with answer to complaint due within *21* days. Attorney *Antonia Marie Apps* *Securities and Exchange Commission* *100 Pearl Street Suite 20–100* *New York, NY 10004*. (Mendez, D) (Entered: 09/25/2023) |
| 09/25/2023 | 8 | NOTICE of Appearance by Christopher M Colorado on behalf of Securities and Exchange Commission (Colorado, Christopher) (Entered: 09/25/2023) |
| 09/26/2023 | 9 | WAIVER OF SERVICE Returned Executed as to Michael Caridi waiver sent on 9/25/2023, answer due 11/24/2023 filed by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 09/26/2023) |
| 10/04/2023 | 10 | NOTICE of Appearance by Adam Grace on behalf of Securities and Exchange Commission (Grace, Adam) (Entered: 10/04/2023) |
| 11/17/2023 | 11 | Joint MOTION for Extension of Time until 01/08/2024 to Respond to Complaint 1 Complaint by Securities and Exchange Commission. (Attachments: # 1 Text of Proposed Order Stipulation and Proposed Order)(Colorado, Christopher) (Entered: 11/17/2023) |
| 11/21/2023 | 12 | ORDER granting 11 motion for extension of time. Defendant Michael Caridi's response to the SEC's complaint shall be due **January 8, 2024**. The parties are advised, however, that it is not the Court's practice to accept motions or briefs in letter form. Signed by Judge Sarala V. Nagala on 11/21/2023.(Piccolo, Marissa) (Entered: 11/21/2023) |
| 11/22/2023 | | Answer deadline updated to 1–8–2024 per Dkt. 12 Order. (Shafer, J.) (Entered: 11/22/2023) |
| 01/08/2024 | 13 | MOTION to Dismiss, by Michael Caridi. (Attachments: # 1 Memorandum in Support) (Mendez, D) (Entered: 01/09/2024) |
| 01/11/2024 | 14 | ORDER. Based on Defendant's motion to dismiss at ECF No. 13, it appears Defendant is proceeding in this action *pro se*. Defendant is directed to file a *pro se* notice of appearance, available at *https://www.ctd.uscourts.gov/forms/pro–se–appearance*, by **January 24, 2024**. Defendant is also encouraged to consult the District of Connecticuts Guide for Self–Represented Litigants, which is available on the Courts website. Finally, Defendant may also wish to consider filing a motion to participate in electronic filing and filing a consent to electronic notice. Forms for these filings are available on the Court's website. Signed by Judge Sarala V. Nagala on 1/11/2024.(Piccolo, Marissa) (Entered: 01/11/2024) |

| | | |
|---|---|---|
| 01/18/2024 | 15 | Appearance Self Represented Party, by Michael Caridi. (Attachments: # 1 Envelope) (Mendez, D) (Entered: 01/22/2024) |
| 01/22/2024 | 16 | AMENDED COMPLAINT against Michael Caridi, filed by Securities and Exchange Commission.(Colorado, Christopher) (Entered: 01/22/2024) |
| 01/22/2024 | 17 | CERTIFICATE OF SERVICE by Securities and Exchange Commission re 16 Amended Complaint (Colorado, Christopher) (Entered: 01/22/2024) |
| 01/23/2024 | 18 | ORDER. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the SEC has filed an amended complaint as a matter of course within 21 days of service of Defendant's motion to dismiss under Rule 12(b). By **February 2, 2024**, Defendant shall file a notice indicating whether he would like the Court to apply his motion to dismiss at ECF No. 13 to the amended complaint, or whether he intends to file a second motion to dismiss or answer directed at the amended complaint. Any motion to dismiss or responsive pleading is due **February 5, 2024**. *See* Fed. R. Civ. P. 15(a)(3). Signed by Judge Sarala V. Nagala on 1/23/2024.(Piccolo, Marissa) (Entered: 01/23/2024) |
| 01/24/2024 | | Answer deadline updated to 2–5–2024 per Dkt. 18 Order. (Shafer, J.) (Entered: 01/24/2024) |
| 01/25/2024 | 19 | Joint REPORT of Rule 26(f) Planning Meeting. (Colorado, Christopher) (Entered: 01/25/2024) |
| 02/01/2024 | 20 | Notice to Apply Existing Motion to Dismiss to Amended Complaint, by Michael Caridi. (Mendez, D) (Entered: 02/02/2024) |
| 02/01/2024 | 21 | Consent to Electronic Notice, by Michael Caridi. (Mendez, D) (Entered: 02/02/2024) |
| 02/01/2024 | 22 | MOTION by Self–Represented Litigant to Participate in Electronic Filing by Michael Caridi. (Attachments: # 1 Envelope) (Mendez, D) (Entered: 02/02/2024) |
| 02/01/2024 | 23 | Motion to Postpone Discovery and Proceedings, by Michael Caridi. (Mendez, D) (Entered: 02/02/2024) |
| 02/05/2024 | 24 | ORDER. Defendant has elected to apply his original motion to dismiss at ECF No. 13 to the amended complaint. *See* ECF No. 20. The SEC may file a response to this motion by **February 26, 2024**. Defendant may file a reply by **March 11, 2024**. Signed by Judge Sarala V. Nagala on 2/5/2024.(Piccolo, Marissa) (Entered: 02/05/2024) |
| 02/05/2024 | 25 | ORDER granting 22 Defendant's motion to participate in electronic filing. Signed by Judge Sarala V. Nagala on 2/5/2024. (Piccolo, Marissa) (Entered: 02/05/2024) |
| 02/05/2024 | 26 | ORDER. The SEC may file a response to Defendant's motion to stay discovery and proceedings by **February 16, 2024**. Defendant may file a reply by **February 23, 2024**. Signed by Judge Sarala V. Nagala on 2/5/2024.(Piccolo, Marissa) (Entered: 02/05/2024) |
| 02/05/2024 | 27 | ORDER. In light of the pending motion to stay discovery filed by Defendant, the Court hereby enters a temporary stay of the parties' Rule 26 requirements, including discovery, to allow Plaintiff time to respond to the motion and the Court time to assess it with complete briefing. The Court will not issue a scheduling order until it resolves the motion to stay discovery. Signed by Judge Sarala V. Nagala on 2/5/2024.(Piccolo, Marissa) (Entered: 02/05/2024) |
| 02/05/2024 | | Set/Reset Deadlines as to 23 MOTION Postpone Discovery and Proceedings. Responses due by 2/16/2024. Replies due by 2/23/2024.<br><br>Set/Reset Deadlines as to 13 MOTION to Dismiss. Responses due by 2/26/2024. Replies due by 3/11/2024. (Bozek, Michael) (Entered: 02/06/2024) |
| 02/05/2024 | 28 | ELECTRONIC FILING ORDER – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. SELF–REPRESENTED FILERS ARE REQUIRED TO COMPLY WITH THE JUDGE'S STANDARD ELECTRONIC FILING ORDER WHICH IS ATTACHED. Signed by Judge Sarala V. Nagala on 2/5/2024.(Bozek, Michael) (Entered: 02/07/2024) |

| 02/16/2024 | 29 | Memorandum in Opposition *to Defendant's Motion to Postpone Discovery and Proceedings* re 23 MOTION filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1)(Colorado, Christopher) (Entered: 02/16/2024) |
|---|---|---|
| 02/26/2024 | 30 | Memorandum in Opposition *to Defendant's Motion to Dismiss* re 13 MOTION to Dismiss filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1)(Colorado, Christopher) (Entered: 02/26/2024) |
| 02/27/2024 | 31 | ORDER denying 23 Defendant's motion to stay discovery and postpone proceedings. A district court's authority to stay discovery derives from Fed. R. Civ. P. 26(c), which permits the court to issue protective orders pertaining to discovery for good cause. *See Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16–cv–1607–VAB, 2017 WL 11577923, at *1 (D. Conn. July 24, 2017). As the Order on Pretrial Deadlines entered in this case provides, however, the "filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery." ECF No. 3 at 1. The Court may nevertheless find good cause to stay discovery upon consideration of three factors: (1) "the strength of the dispositive motion[s]"; (2) "the breadth of the discovery sought," including the burden of responding to discovery; and (3) "the prejudice a stay would have on the non–moving party." *Metzner v. Quinnipiac Univ.*, No. 3:20–cv–784 (KAD), 2020 WL 7232551, at *2 (D. Conn. Nov. 12, 2020). For the following reasons, the Court does not find good cause to stay discovery pending resolution of Defendant's motion to dismiss at ECF No. 13 or otherwise postpone proceedings until after the resolution of a related action in Canada. <br><br> The first factor, the strength of Defendant's motion to dismiss, does not weigh in favor of staying discovery. Defendant moves to dismiss the Commission's complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant's Rule 12(b)(6) arguments do not warrant a stay, in contravention of the Court's typical practice of permitting discovery pending decision on a motion to dismiss. At this juncture, "[i]t is sufficient... that both parties have raised arguments, founded in law" and, while the Court has not fully assessed the merits at this stage, it cannot say that the Commission's claims are "wholly meritorious" so as to require a stay of all discovery. *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17–cv–01765 (CSH), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018). The Commission's complaint is far from frivolous. Thus, the first factor counsels against entering a stay. <br><br> The second factor, the breadth of discovery sought and burden of responding to it, also does not weigh in favor of granting a stay. Defendant's motion is vague about the burden of responding to discovery in this case. Defendant does not reference any of the Commission's initial discovery requests, nor explain why any particular request is unduly burdensome. *Compare Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13–CV–6362 (SJF)(WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (finding "burdens of discovery considerable, as evidenced by plaintiff's first document requests, some of which ask for documents dating 'from 1930 to present'"). Defendant references an ongoing civil action in Canada for fraud and breach of contract brought by the hospital with which Defendant's company entered into a transaction. But it appears that discovery has been completed in that case. *See* ECF No. 29 at 13. The Court is also skeptical whether the burdens of discovery from another case would warrant staying discovery in this action. Therefore, this factor also counsels against entering a stay. <br><br> Third, the prejudice of a stay to the Commission is somewhat low, as discovery would only be stayed until the Court decides Defendant's motion to dismiss. The Court is mindful, however, that there is an interest in having this action resolved expeditiously as it concerns the enforcement of federal securities laws. Further, the memory of key witnesses may begin to fade overtime. Thus, this third factor only weighs slightly in favor of staying discovery. <br><br> Finally, Defendant argues that the Court should stay all proceedings until the resolution of the Canadian action to avoid a possible collateral estoppel effect on overlapping issues. On occasion, courts have stayed SEC enforcement actions when there is a parallel criminal proceeding to promote judicial efficiency and avoid collateral estoppel. *See Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 622 (S.D.N.Y. Jan. 23, 2020). Here, however, the claims at issue in the private civil action in Canada appear to be substantially different than those in this securities enforcement |

| | | |
|---|---|---|
| | | action. This is therefore not a situation where Defendant would be unduly prejudiced, and judicial efficiency lost, by proceeding with two related actions.<br><br>In sum, the first two factors weigh against staying discovery, and the third factor weighs in favor of a stay, but only slightly. The Court declines to otherwise stay the proceedings in light of the ongoing private civil action in Canada. Defendant's motion to stay discovery and postpone proceedings is denied. The Court will enter a scheduling order to govern this action based on the parties joint 26(f) report at ECF No. 19. Signed by Judge Sarala V. Nagala on 2/27/2024. (Piccolo, M) (Entered: 02/27/2024) |
| 02/27/2024 | 32 | SCHEDULING ORDER. Discovery due **August 26, 2024**. Dispositive motions due **October 10, 2024**. First Status Report due **May 24, 2024**. Second Status Report due **September 3, 2024**. The parties shall inform the Court no later than **July 25, 2024** if any party determines that expert disclosure and discovery are necessary, and propose a stipulated schedule for the completion of expert discovery by **October 25, 2024**. All further deadlines are set forth in the attached scheduling order.<br>Signed by Judge Sarala V. Nagala on 2/27/2024.(Piccolo, M) (Entered: 02/27/2024) |
| 02/27/2024 | | Set Deadlines: Discovery due by 8/26/2024. Dispositive Motions due by 10/10/2024. Status Report due by 5/24/2024. (Bozek, M) (Entered: 03/08/2024) |
| 03/08/2024 | 33 | REPLY to Response to 13 MOTION to Dismiss filed by Michael Caridi. (Caridi, Michael) (Entered: 03/08/2024) |
| 03/14/2024 | 34 | MOTION for Issuance of Letters Rogatory *as to Fabio Gesufatto, Blu Stella Consulting Group Inc., Ommid Faghani, Kevin Rod, Scott Reeves, Elie Boustani, and Francois Latreille in Canada (Unopposed)* by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 03/14/2024) |
| 03/14/2024 | 35 | Memorandum in Support re 34 MOTION for Issuance of Letters Rogatory *as to Fabio Gesufatto, Blu Stella Consulting Group Inc., Ommid Faghani, Kevin Rod, Scott Reeves, Elie Boustani, and Francois Latreille in Canada (Unopposed)* filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit 1 – Text of Proposed Order, # 2 Exhibit 2 – Proposed Letter Rogatory to Ontario Superior Court of Justice with Appendices, # 3 Exhibit 3 – Proposed Letter Rogatory to Alberta Court of King's Bench with Appendices, # 4 Exhibit 4 – Proposed Letter Rogatory to Superior Court of Quebec with Appendices)(Colorado, Christopher) (Entered: 03/14/2024) |
| 03/14/2024 | 36 | AFFIDAVIT re 34 MOTION for Issuance of Letters Rogatory *as to Fabio Gesufatto, Blu Stella Consulting Group Inc., Ommid Faghani, Kevin Rod, Scott Reeves, Elie Boustani, and Francois Latreille in Canada (Unopposed)* Signed By Rhonda Jung filed by Securities and Exchange Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Colorado, Christopher) (Entered: 03/14/2024) |
| 03/15/2024 | 37 | ORDER REFERRING CASE to Magistrate Judge S. Dave Vatti for a ruling on 34 MOTION for Issuance of Letters Rogatory *as to Fabio Gesufatto, Blu Stella Consulting Group Inc., Ommid Faghani, Kevin Rod, Scott Reeves, Elie Boustani, and Francois Latreille in Canada (Unopposed)*.<br>Signed by Judge Sarala V. Nagala on 3/15/2024.Motions referred to S. Dave Vatti(Bozek, M) (Entered: 03/15/2024) |
| 03/18/2024 | 38 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic conference is set for 3/27/2024 at 3:00 p.m. re: plaintiff's 34 Motion for Issuance of Letters Rogatory before Judge S. Dave Vatti. **Both plaintiff's counsel and Mr. Caridi must attend**. Parties should dial **866–434–5269**, to connect to the conference and enter access code **2006808**. (Ellis, B) (Entered: 03/18/2024) |
| 03/21/2024 | 39 | WITHDRAWN – MOTION to Stay *Discovery* by Michael Caridi.Responses due by 4/11/2024 (Caridi, Michael) Modified on 3/27/2024 to mark as withdrawn per 41 Order (Bozek, M). (Entered: 03/21/2024) |
| 03/25/2024 | 40 | MOTION to Withdraw 39 MOTION to Stay *Discovery* by Michael Caridi. (Caridi, Michael) (Entered: 03/25/2024) |

| | | |
|---|---|---|
| 03/26/2024 | 41 | ORDER granting 40 Defendant's motion to withdraw 39 Defendant's motion to stay discovery. Signed by Judge Sarala V. Nagala on 3/26/2024. (Piccolo, M) (Entered: 03/26/2024) |
| 03/27/2024 | 42 | Minute Entry for proceedings held before Judge S. Dave Vatti: Conference held on 3/27/2024. Total time: 3 minutes. (Court Reporter CourtSmart.) The pro se defendant confirmed that he has no objection to the Court granting plaintiff's 34 MOTION for Issuance of Letters Rogatory. (Nichols, J) (Entered: 03/27/2024) |
| 03/28/2024 | 43 | ORDER granting plaintiff's 34 Motion for Issuance of Letters Rogatory, which defendant does not oppose. The Court issues the attached letters as to Fabio Gesufatto, Blu Stella Consulting Group Inc., Ommid Faghani, Kevin Rod, Scott Reeves, Elie Boustani, and Francois Latreille. Paper documents with judge's original signature will be mailed to counsel. So Ordered. Signed by Judge S. Dave Vatti on 3/28/2024. (Main Document: Ontario Letter; Attachments: # 1 Alberta Letter, # 2 Quebec Letter) (Nichols, J) (Entered: 03/28/2024) |
| 04/01/2024 | 44 | MOTION for Extension of Time until November 26, 2024 discovery by Michael Caridi. (Attachments: # 1 Affidavit Affidavit in support of extension)(Caridi, Michael) (Entered: 04/01/2024) |
| 04/02/2024 | 45 | ORDER. Defendant has moved to modify the scheduling order and extend the deadline to complete all discovery in this case to November 26, 2024. *See* ECF No. 44. Defendant represents that the Securities and Exchange Commission "does not object to the extension of time sought" by the motion and "have expressed their support for granting a three−month extension for [Defendant] to complete the download of the files they provided." *Id.* at 2. By **April 10, 2024**, the Securities and Exchange Commission shall file a response confirming whether they do not object to extending the discovery deadline, in its entirety, to November 26, 2024. The Court would then ask the parties to submit a proposed, revised scheduling order of that entered at ECF No. 32. Signed by Judge Sarala V. Nagala on 4/2/2024.(Piccolo, M) (Entered: 04/02/2024) |
| 04/02/2024 | 46 | ORDER. Defendant has filed his wife's medical records as part of his motion for extension of time at ECF No. 44. The Court will *sua sponte* seal the records pursuant to Local Rule 5(e), given that the sealing of the medical information is narrowly tailored and supported by the clear and compelling reason of protecting her privacy. The Clerk of Court is directed to seal ECF No. 44−1. Signed by Judge Sarala V. Nagala on 4/2/2024.(Piccolo, M) (Entered: 04/02/2024) |
| 04/10/2024 | 47 | RESPONSE re 45 Order,,, 44 MOTION for Extension of Time until November 26, 2024 discovery filed by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 04/10/2024) |
| 04/10/2024 | 48 | PROPOSED ORDER re 45 Order,,, *Proposed Revised Scheduling Order Pursuant to the Court's April 2, 2024 Order* by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 04/10/2024) |
| 04/15/2024 | 49 | ORDER granting 44 Defendant's motion for extension of time. The Court SO ORDERS the proposed scheduling order at ECF No. 48. Discovery due **November 26, 2024**. Dispositive motions due either **January 13, 2025**, or in the event that the parties determine there is a need to engage in expert discovery, **March 10, 2025**. First Status Report due **August 23, 2024**. Second Status Report due **December 3, 2024**. The parties shall inform the Court no later than **October 25, 2024**, if any party determines that expert disclosure and discovery are necessary, and propose a stipulated schedule for the completion of expert discovery by **January 27, 2025**. Additional deadlines are set forth in ECF No. 48. Signed by Judge Sarala V. Nagala on 4/15/2024. (Piccolo, M) (Entered: 04/15/2024) |
| 04/15/2024 | | Set Deadline per 49 Order: Discovery due by 11/26/2024. Dispositive Motions due by 1/13/2025. Status Report due by 8/23/2024. (Bozek, M) (Entered: 04/16/2024) |
| 08/23/2024 | 50 | Joint STATUS REPORT by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 08/23/2024) |
| 08/26/2024 | | Set Deadlines: Second Status Report due by 12/3/2024 (Bergeson, S) (Entered: 08/26/2024) |

| 08/26/2024 | 51 | ORDER. As the parties have stated that it may be useful to obtain a referral to a U.S. Magistrate Judge to explore the potential for settlement, the Court directs the Clerk to refer this matter to a U.S. Magistrate Judge for purposes of a settlement conference. The parties can discuss the timing of such a conference with the assigned Magistrate Judge. Signed by Judge Sarala V. Nagala on 8/26/2024. (Lum, A) (Entered: 08/26/2024) |
|---|---|---|
| 08/26/2024 | 52 | ORDER REFERRING CASE to Magistrate Judge Robert A. Richardson for settlement purposes.<br>Signed by Judge Sarala V. Nagala on August 26, 2024.(Bergeson, S) (Entered: 08/27/2024) |
| 08/29/2024 | 53 | ORDER: A pre−settlement call with Judge Richardson is scheduled on 9/19/2024 at 1:00 PM. The parties will be sent an email with dial−in instructions. Signed by Judge Robert A. Richardson on 8/29/2024. (Coleman, G) (Entered: 08/29/2024) |
| 08/29/2024 | 54 | NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Status Conference set for 9/19/2024 at 1:00 PM before Judge Robert A. Richardson. (Coleman, G) (Entered: 08/29/2024) |
| 09/19/2024 | 55 | Minute Entry for proceedings held before Judge Robert A. Richardson: Pre−settlement conference call held on 9/19/2024. 22 minutes. (Onikuyide, O) (Entered: 09/19/2024) |
| 09/19/2024 | 56 | ORDER A settlement conference is scheduled for 10/29/24 at 10:30 AM with Judge Richardson. Please see attached order for important instructions.<br>Signed by Judge Robert A. Richardson on 9/19/24. (Onikuyide, O) (Entered: 09/19/2024) |
| 09/19/2024 | 57 | NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Virtual Settlement Conference set for 10/29/2024 at 10:30 AM before Judge Robert A. Richardson. (Onikuyide, O) (Entered: 09/19/2024) |
| 09/30/2024 | 58 | For the reasons described herein, Defendant's motion to dismiss Plaintiff's amended complaint is DENIED. Signed by Judge Sarala V. Nagala on 9/30/2024. (Lum, A) (Entered: 09/30/2024) |
| 10/15/2024 | 59 | Joint MOTION to Stay *All Deadlines for Sixty Days Based on Settlement in Principle* by Securities and Exchange Commission.Responses due by 11/5/2024 (Colorado, Christopher) (Entered: 10/15/2024) |
| 10/16/2024 | 60 | ORDER granting 59 Joint Motion to Stay All Deadlines. In light of the parties' representation that they have reached a settlement agreement in principle and that the SEC represents that it will need approximately six to eight weeks to obtain internal agency approval for the settlement, the Court stays all pending deadlines in this case until **December 16, 2024**. If the parties have not formally settled the case by the end of this sixty day period, they shall file a joint status report proposing deadlines for proceeding with the case by **December 17, 2024**. Signed by Judge Sarala V. Nagala on 10/16/2024. (Lum, A) (Entered: 10/16/2024) |
| 10/16/2024 | | Set Deadlines: Joint Status Report due by 12/17/2024 (Bergeson, S) (Entered: 10/17/2024) |
| 10/18/2024 | 61 | ORDER In light of the parties' representation that they have reached a settlement agreement in principle, the settlement conference scheduled for 10/29/24 at 10:30 AM with Judge Richardson is cancelled.<br>Signed by Judge Robert A. Richardson on 10/18/24. (Onikuyide, O) (Entered: 10/18/2024) |
| 12/17/2024 | 62 | Joint STATUS REPORT *Regarding Settlement in Principle* by Securities and Exchange Commission. (Colorado, Christopher) (Entered: 12/17/2024) |
| 12/18/2024 | 63 | ORDER. In response to the parties' representation that a settlement has been finalized and that the parties need one week to submit a proposed final judgment, the Court extends its stay on all pending deadlines. If the parties have not submitted a proposed final judgment by **December 27, 2024**, they shall submit a joint status report regarding the status of such a submission. Signed by Judge Sarala V. Nagala on 12/18/2024. |

| | | (Lum, A) (Entered: 12/18/2024) |
|---|---|---|
| 12/27/2024 | 64 | Consent MOTION to Approve Consent Judgment *Resolving All Claims* by Securities and Exchange Commission. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1 – Consent, # 3 Exhibit 2 – Proposed Final Judgment)(Colorado, Christopher) (Entered: 12/27/2024) |
| 01/02/2025 | 65 | ORDER granting 64 Consent Motion to Approve Consent Judgment Resolving All Claims. The Court approves the consent judgment, which is attached. The Clerk is directed to close this case. Signed by Judge Sarala V. Nagala on 1/2/2025. (Lum, A) (Entered: 01/02/2025) |
| 01/02/2025 | | JUDICIAL PROCEEDINGS SURVEY – FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link: <br><br> https://ecf.ctd.uscourts.gov/cgi–bin/Dispatch.pl?survey <br> (Bergeson, S) (Entered: 01/02/2025) |
| 02/03/2025 | 66 | First MOTION to Vacate by Michael Caridi. (Attachments: # 1 Affidavit)(Caridi, Michael) (Entered: 02/03/2025) |
| 02/04/2025 | 67 | ORDER. The Securities and Exchange Commission shall respond to Plaintiff's motion to vacate the settlement agreement, ECF No. 66 , by **February 24, 2025**. Signed by Judge Sarala V. Nagala on 2/4/2025. (Lum, A) (Entered: 02/04/2025) |
| 02/04/2025 | | Set Deadlines as to 66 First MOTION to Vacate . Responses due by 2/24/2025 (Bergeson, S) (Entered: 02/05/2025) |
| 02/24/2025 | 68 | Memorandum in Opposition re 66 First MOTION to Vacate filed by Securities and Exchange Commission. (Attachments: # 1 Affidavit of Christopher M. Colorado, # 2 Exhibit 1 (Ontario Superior Court of Justice Post–Trial Opinion), # 3 Exhibit 2 (10/11/24 Email from C.Colorado to M. Caridi), # 4 Exhibit 3 (10/14/24 Email from M. Caridi to C. Colorado), # 5 Exhibit 4 (10/15/24 Email from M. Caridi to C. Colorado), # 6 Exhibit 5 (11/12/24 Email from C. Colorado to M. Caridi with attachments), # 7 Exhibit 6 (11/22/24 Email from D. Amorosa to C. Colorado), # 8 Exhibit 7 (11/26/24 M. Caridi Consent to Judgment), # 9 Exhibit 8 (12/13/24 Email C. Colorado to M. Caridi), # 10 Exhibit 9 (SEC Admin. Reg. SECR 18–2), # 11 Exhibit 10 (SEC Litig. Rel. 25847), # 12 Exhibit 11 (SEC Litig. Rel. 26213), # 13 Exhibit 12 (SEC.gov – Press Releases), # 14 Exhibit 13 (SEC Press Rel. 2025–15), # 15 Exhibit 14 (Excerpts of Form 10–K filed by Perf–Go Green Holdings, Inc.), # 16 Exhibit 15 (Excerpts of Form 2A filed by Tree of Knowledge International), # 17 Exhibit 16 (M. Caridi Developer Resume))(Colorado, Christopher) (Entered: 02/24/2025) |
| 03/08/2025 | 69 | REPLY to Response to 66 First MOTION to Vacate filed by Michael Caridi. (Attachments: # 1 Affidavit Declaration to reply to motion, # 2 Exhibit SEC Press Release, # 3 Exhibit Email asking for no press release, # 4 Exhibit Email of other Colorado Disregard)(Caridi, Michael) (Entered: 03/08/2025) |
| 07/25/2025 | 70 | ORDER denying 66 Motion to Vacate. For the reasons described herein, Defendant's motion to vacate is denied. Signed by Judge Sarala V. Nagala on 7/25/2025. (Lum, A) (Entered: 07/25/2025) |
| 08/01/2025 | 71 | First MOTION for Reconsideration *ORDER DENYING HIS MOTION TO VACATE CONSENT JUDGMENT* by Michael Caridi. (Attachments: # 1 Memorandum in Support MIS for reconsideration)(Caridi, Michael) (Entered: 08/01/2025) |
| 08/19/2025 | 72 | ORDER denying 71 Motion for Reconsideration. <br><br> "The standard for granting [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–– matters, in other words, that might reasonably be expected |

to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* D. Conn. L. Civ. R. 7(c)1; *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up) (reconsideration warranted "only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted)).

Caridi has failed to meet this standard. Caridi claims the Court overlooked important information that demonstrates the Securities and Exchange Commission ("SEC") made a fraudulent misrepresentation and coerced him to sign the Consent Judgment under duress. However, he points only to evidence that the Court already considered –– but found unpersuasive –– for reasons set forth in its ruling.

First, Caridi challenges the Court's finding that there is insufficient evidence to support that the SEC promised not to issue a press release and that this purported promise induced him to sign the Consent Judgment. Caridi points to his "sworn declaration and exhibits," including a voicemail and email he sent to the SEC emphasizing the importance of this provision. *See* ECF No. 71–1 at 4. As the Court explained in its ruling, however, the email and voicemail he references do not show by clear and convincing evidence that the parties agreed to such a provision. They instead merely indicate that Caridi *proposed* a no–release condition. Caridi proffers no new evidence or data demonstrating that the proposal was accepted or that otherwise rebuts the SEC's credible countervailing representation that it rejected his request.

Second, Caridi argues that the Court erred by concluding that even if there was a no–release condition it would have been immaterial. Caridi contends that the Court failed to consider "clear and convincing evidence" –– without specifying what that evidence is –– and that his desires to protect his reputation, relationships and business ventures were reasons "so obvious" that he "need not explicitly explain" them to the SEC. The Court acknowledges that these are sensible interests. But Caridi has failed to articulate why a public statement by the SEC regarding the Consent Judgment would harm those interests, given that the documents in this case were already a matter of public record.

Finally, Caridi's argument regarding the distinction between a press release and a litigation release was also addressed in the ruling. As the record does not support an inference of fraud or exploitation, this distinction, or lack thereof, has no effect on the Court's legal conclusion that Caridi is not entitled to vacatur.

Accordingly, Caridi's motion for reconsideration is DENIED. Signed by Judge Sarala V. Nagala on 8/19/2025. (Glover, S) (Entered: 08/19/2025)

| | | |
|---|---|---|
| 10/17/2025 | 73 | NOTICE OF APPEAL by Michael Caridi. (Caridi, Michael) Modified to remove filing fee on 10/20/2025 (Gaskins, A). (Entered: 10/17/2025) |
| 10/20/2025 | 74 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 73 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Gaskins, A) (Entered: 10/20/2025) |
| 11/12/2025 | | USCA Appeal Fees received from Michael Caridi: $ 605 receipt number 27T19ADO re 73 Notice of Appeal filed by Michael Caridi. (Bozek, Michael) (Entered: 11/12/2025) |